UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12721-RGS

MICHAEL PIETRANTONIO, on behalf of
himself and all others similarly situated

v.

ANN, INC. d/b/a ANN TAYLOR, INC.,

ORDER TO SUBMIT EVIDENCE FOR COURT'S
CONSIDERATION IN CONJUNCTION WITH MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

March 10, 2014

STEARNS, D.J.

In this boiler plate lawsuit, plaintiff Michael Pietrantonio, individually and on behalf of all others said to be similarly situated, asserts claims against defendant Ann, Inc. d/b/a Ann Taylor, Inc., for violations of the Consumer Privacy in Commercial Transactions Act, Mass. Gen. Laws ch. 93, § 105(a).[1] A swarm of these so-called "zip code" cases was let loose by the Supreme Judicial Court in *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492 (2013), where in a case of first impression, the Court held that a customer's zip code constituted

---

[1] In reviewing Pietrantonio's motion for preliminary approval of this class action settlement, the court notes that the Complaint, settlement agreement, motion for approval of class action settlement, and attached exhibits are essentially verbatim copies (only names are changed) of pleadings and attachments filed in this jurisdiction and others.

personal identification information and that its collection by a retailer amounted to an actionable an unfair and deceptive practice. While the Court, in an opinion by Justice Botsford, held that a plaintiff need not be a victim of identify fraud to prosecute a lawsuit against an offending retailer, it also rejected a reading of *Leardi v. Brown*, 394 Mass. 151 (1985), to the effect that a plaintiff need show only a violation of the statute to be entitled to damages. "[T]he fact that there is such a violation does not necessarily mean the consumer has suffered an injury or a loss entitling her to at least nominal damages and attorney's fees; instead, the violation of the legal right that has created the unfair or deceptive act or practice must cause the consumer some kind of separate identifiable harm arising from the violation itself." *Michaels*, 464 Mass. at 503. Demonstrating damages that satisfy the statute, Justice Botsford observed that

> there appear to be at least two types of injury or harm that might in theory be caused by a merchant's violation of the statute: the actual receipt by a consumer of unwanted marketing materials as a result of the merchant's unlawful collection of the consumer's personal identification information; and the merchant's sale of a customer's personal identification information or the data obtained from that information to a third party.

*Id.* at 503-504.

In this litigation, Pietrantonio asserts both forms of injury in a conclusory recitation of Justice Botsford's observation. "First, Plaintiff and the

Class have been injured because they have received unwanted marketing materials from Ann Taylor as a result of having provided their zip codes when using credit cards at Ann Taylor. And second, Plaintiff and the Class have been injured because Ann Taylor misappropriated their economically valuable [personal identification information] without consideration." Compl. ¶ 40. Pietrantonio further contends that Ann Taylor's sold his and the class members' personal identification information to third parties for profit. *Id.* ¶ 16.

These allegations may well be true. But before entering preliminary approval of the proposed settlement and the appointment of Pietrantonio as a class representative, the court will require tangible proof that he personally, as well as other members of the proposed class, received unwanted marketing materials traceable to Ann Taylor's, or that his personal information, as well as that of other members of the proposed class were sold by Ann Taylor's at a profit to third parties.[2] Plaintiff will be granted thirty (30) days from the date of this Order to comply with the court's directive.

---

[2] Without meaning to limit plaintiff's method of proof, the court notes that evidence might be submitted by way of affidavit by Pietrantonio and other class members with verified unwanted marketing materials attached, or by a stipulation by Ann Taylor's that it in fact caused such material to be made to customers from whom it had solicited zip codes or that it had in fact commercially marketed its customers personal information to third parties.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE